IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GARTAVIUS DAVIS, <br> AIS # 319680, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE A. DAVID JOHNSON, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 3:25-CV-165-WKW <br> ) [WO] <br> ) <br> ) <br> ) |

# MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Gartavius Davis filed this *pro se* complaint under 42 U.S.C. § 1983 against three Defendants: "Judge-A. David Johnson"; "DA-Madison Grantham"; and "Victim-Jacqueline Hackney." (Doc. # 1 at 1.)  For the reasons to follow, Plaintiff's claims must be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

## II.  STANDARD OF REVIEW

Plaintiff, an inmate in the custody of the Alabama Department of Corrections (ADOC), is proceeding *in forma pauperis* (IFP).  (Doc. # 7.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff is seeking redress from state governmental officers or employees, the complaint also is subject to screening under 28 U.S.C. § 1915A.  Sections 1915

and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

Moreover, a complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would have been the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

*See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

## III.  THE COMPLAINT'S ALLEGATIONS

The entirety of facts alleged in the complaint are as follows:

I am falsely accused of Rape I and Burglary I.

Jacqueline stated that I raped her and stole her cell phone and etc. The Supreme Court stated that the . . . state is explain[ing] a Robbery and not a Burglary[.] The Supreme court also stated that the state[']s case has a lot of evidentiary gaps and etc.

The Supreme Court thinks I am wrongfully convicted.

[T]he Supreme Court stated facts show and say that I shouldn't be charged with a Rape 1st and Burglary 1st.

(Doc. # 1 at 1–2.)  Plaintiff asks the court to "overturn [his] case" and for monetary damages "for all the pain and suffering and etc."  (Doc. # 1 at 4.)  These threadbare allegations seemingly arise from Plaintiff's state-court proceedings.  *See State v. Davis*, Case Nos. CC-2019-174.00, 175.00 (Russell Cnty. Cir. Ct.).[2]

## IV.  DISCUSSION

**A.**  **The *Heck* Bar**

Plaintiff brings this action under 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[2] The records from Plaintiff's state-court proceedings are available at https://v2.alacourt.com/.

§ 1983. To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

The facts alleged in the complaint are sparse, but it appears that Plaintiff is challenging his underlying conviction and sentence. Additionally, Plaintiff asks the court to "overturn [his] conviction." (Doc. # 1 at 4.) Such challenge and request for relief are more appropriately sought in a habeas petition under 28 U.S.C. § 2254.[3] However, Plaintiff also seeks monetary damages, which are not available in habeas proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). In any case, Plaintiff's claims brought under § 1983, in their current form, constitute an impermissible collateral attack on his still-valid conviction and are thus "*Heck*-barred."

In *Heck v. Humphrey*, the state-prisoner plaintiff challenged his conviction in a suit for damages under § 1983. 512 U.S. 477, 478–79 (1994). The United States

---

[3] Although this action may be more appropriately brought in a § 2254 habeas petition, the complaint does not provide enough of a factual background to allow the court to construe it as a § 2254 petition. Furthermore, if Plaintiff later decides to file a habeas petition to challenge his conviction and sentence, he is subject to § 2254's requirements. This includes, with limited exceptions, that he first exhaust all available state-court remedies before filing for federal habeas relief. *See* 28 U.S.C. § 2254(b)(1).

5

Supreme Court characterized the case as lying "at the intersection" of habeas corpus and § 1983.[4]  *Id.* at 480.  The Court ultimately held that claims challenging the legality of a prisoner's confinement cannot be brought under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.  This holding is known as the "*Heck* bar."  Whether a claim is *Heck*-barred depends on "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487; *see also Hall v. Merola*, 67 F.4th 1282, 1291 (11th Cir. 2023) ("*Heck* bars a § 1983 claim only when it is a 'logical necessity' that judgment for the plaintiff in that suit would contradict the existing punishment." (quoting *Dixon v. Hodges*, 887 F.3d 1235, 1238 (11th Cir. 2018) (per curiam))).  Claims that necessarily imply the invalidity of the punishment imposed are barred by the *Heck* rule, whether the relief sought is monetary damages, injunctive relief, or a declaratory judgment.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Though Plaintiff broadly alleges that "[t]he Supreme Court thinks [he is] wrongfully convicted" (Doc. # 1 at 2), he has provided no proof that his "conviction

---

[4] The *Heck* Court also explained that "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." 512 U.S. at 481 (citing *Preiser*, 411 U.S. at 488–90).  The Court spoke in clear terms, emphasizing that its holding was "den[ying] the existence of a cause of action" under 42 U.S.C. § 1983. *Id.* at 489.

6

or sentence has been [invalidated or otherwise set aside]."[5] *Hall*, 67 F.4th at 1291 (quoting *Heck*, 512 U.S. at 487). Moreover, Plaintiff's claims that he is "falsely accused" and "wrongfully convicted," if proven true, would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. Therefore, Plaintiff's claims are *Heck*-barred and must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**B.  The Defendants**

  **1.  *Judge A. David Johnson:  Judicial Immunity***

The first Defendant named in this action—Judge A. David Johnson—is entitled to judicial immunity. A state judge is absolutely immune from civil liability for actions taken pursuant to his judicial authority. *See Forrester v. White*, 484 U.S. 227–29 (1988). "A Judge enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018); *see also Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012) (per curiam) ("Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'" (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991))).

---

[5] The court conducted an independent review of Plaintiff's state-court records available on Alacourt and found no indication that Plaintiff's conviction or sentence has been invalidated or otherwise set aside.

7

Although Plaintiff makes no specific allegations against Judge Johnson, Judge Johnson presided over Plaintiff's state-court trial proceedings. Thus, it is reasonable to assume that Plaintiff's grievances with Judge Johnson stem from those state-court proceedings. Because Judge Johnson is entitled to judicial immunity, Plaintiff's claims against him are "based on an indisputably meritless legal theory" and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

2. ***Madison Grantham:  Prosecutorial Immunity***

The second Defendant named in this action—Madison Grantham—is entitled to prosecutorial immunity. In determining whether a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). That is, courts must look to "the nature of the function performed, not the identity of the actor who performed it." *Id.* at 269 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). A prosecutor is entitled to absolute immunity for actions taken while she is performing her function as a government advocate. *Id.* at 273; *Jarallah v. Simmons*, 191 F. App'x 918, 921 (11th Cir. 2006) ("Prosecutors acting within the scope of their prosecutorial duties enjoy an absolute immunity from suit under § 1983.").

"The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses

and presenting evidence." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (first citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); and then citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)). The prosecutorial function does not include "functioning as either an investigator or as a complaining witness." *Id.* (first citing *Buckley*, 509 U.S. at 275; and then citing *Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997)).

Like with Judge Johnson, Plaintiff makes no specific allegations against Madison Grantham in her capacity as an Assistant District Attorney or otherwise. Presumably, Plaintiff's grievances with Ms. Grantham arise from her involvement in his prosecution and subsequent conviction. Plaintiff himself identified Ms. Grantham as "DA-Madison Grantham," and he has alleged no facts to indicate that his grievances with Ms. Grantham are due to acts or omissions committed by her outside of her prosecutorial capacity. Because Ms. Grantham is entitled to prosecutorial immunity, Plaintiff's claims against her are "based on an indisputably meritless legal theory" and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

### 3. *Jacqueline Hackney: Improper Defendant Under § 1983*

The final Defendant named in this action—Jacqueline Hackney—is not a proper defendant under 42 U.S.C. § 1983. An essential element of a § 1983 action

is that a person acting under color of state law committed the alleged constitutional deprivation. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting *Sullivan*, 526 U.S. at 50). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992). "To be considered a state actor under § 1983, a private party must have exercised a traditionally exclusive public function, acted in concert with public officials, or engaged in conduct compelled by the state." *Watkins v. Dubreuil*, 820 F. App'x 940, 943 (11th Cir. 2020).

As for Plaintiff's claims against Ms. Hackney, he alleges only that "Jacqueline stated that I raped her and stole her cell phone and etc." (Doc. # 1 at 2.) Presumably, this is in reference to Ms. Hackney's testimony during Plaintiff's state-court proceedings, which culminated in his conviction for burglary and rape. However, Ms. Hackney is a private party, and her testifying against Plaintiff as the victim of his crimes was "merely private conduct" excluded from the scope of § 1983. Furthermore, Plaintiff has set forth no facts to indicate that Ms. Hackney should be viewed as a state actor, and there is no set of facts under which Ms. Hackney, as a

10

victim who testified in Plaintiff's criminal trial, could be considered a state actor under § 1983. Accordingly, Plaintiff's claims against Ms. Hackney will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

## C.   Amendment Would Be Futile

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014). However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).

Based on the *Heck* bar, the applicable immunity doctrines, and because there is no set of facts under which Ms. Hackney plausibly could be characterized as a state actor, this § 1983 action is not permitted. Any amendment to the § 1983 complaint would not cure these defects. Accordingly, leave to amend will not be granted.

## V.  CONCLUSION

Plaintiff's 42 U.S.C. § 1983 complaint fails to survive the mandatory screening required by 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) and § 1915A(b)(1)–(2) for these reasons:

(1)   Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

(2)   The claims against Judge A. David Johnson must be dismissed as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1);

(3)   The claims against Madison Grantham must be dismissed as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1); and

(4)   The claims against Jacqueline Hackney must be dismissed as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

Based on the foregoing, it is ORDERED that this action is DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1).

Final Judgment will be entered separately.

DONE this 11th day of December, 2025.

                                                  /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE